UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEAN ORTEGA, | § |
| Plaintiff, | § § § |
| v. | §  CIVIL ACTION NO. H-12-0001 |
| YOUNG AGAIN PRODUCTS, INC., et al., | § § § § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are (1) Motion to Disregard Defendant Margaret McClure for Purposes of Removal on Grounds of Diversity ("Motion to Disregard") (Doc. No. 4), filed by Defendant Young Again Products, Inc. ("YAP"); (2) Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Doc. Nos. 5–6), filed by Defendants Freeman & Freeman, P.C., Thomas Freeman, Mark Freeman, and Margaret McClure (collectively, "Attorney Defendants); and (3) Motion to Remand (Doc. No. 8), filed by Plaintiff Sean Ortega. After considering the motions, all responses thereto, and the applicable law, the Court finds that the Motion to Disregard must be granted, the Motion to Remand must be denied, and the Motion to Dismiss must be granted.

### I. BACKGROUND

In 2003, YAP filed suit against Marcella Ortega (Plaintiff's mother), John Acord (Plaintiff's brother), and their former company Supplement Spot LLC in the District of Maryland for trademark and copyright infringement, among other claims. (First Am. Pet., Doc. No. 1 at 56–76, ¶ 22.) YAP obtained a default judgment against Marcella Ortega and John Acord in 2009 for approximately $3.9 million. (*Id.*) The default judgment has been appealed, and this appeal is

pending in the Fourth Circuit. (*Id.*) Plaintiff was not a defendant in the Maryland lawsuit. (*Id.* ¶ 23.)

YAP registered the judgment in Texas and obtained two Writs of Execution ("Writs"), one against property owned by Marcella Ortega and the other against property owned by John Acord. (*Id.* ¶ 25.) YAP's Texas attorney, Defendant Margaret McClure, participated in the execution of the Writs by United States Deputy Marshals and members of local law enforcement. (*Id.*) The Writs were executed at 1919 and 1935 Cattle Drive, Magnolia, Texas. (*Id.*)

Plaintiff and his mother, Marcella Ortega, own the property at 1935 Cattle Drive, but Plaintiff alleges that his mother has not resided at the property since 2004 and that she did not own any of the personal property in the residence at the time of the execution. (*Id.* ¶ 26.) John Acord also did not have any property at 1935 Cattle Drive. (*Id.*) Plaintiff alleges that his personal property at 1935 Cattle Drive was seized by Defendants, who have refused to return it to him. (*Id.* ¶¶ 26, 31.)

Plaintiff filed this lawsuit in Texas state court asserting causes of action for intrusion on seclusion, trespass to real property, trespass to personal property, theft of property, conversion, abuse of process, wrongful execution, fraud and misrepresentation, tortious interference with contract, and replevin. (*Id.* ¶¶ 33–98.) Defendants removed this lawsuit to federal court. (Notice of Removal, Doc. No. 1.) In YAP's Motion to Disregard, it asserts that McClure has been improperly joined and that her Texas citizenship should be disregarded for purposes of determining this Court's diversity jurisdiction, as the claims against her are barred by the Texas qualified immunity doctrine. The other Attorney Defendants join McClure in a Motion to Dismiss on the same basis. Plaintiff has also filed a Motion to Remand, asserting that complete diversity does not exist because of the claims against McClure.

2

## II. LEGAL STANDARD

### A. Motion to Remand and Fraudulent Joinder

Federal courts are courts of limited jurisdiction, and possess only the power authorized by Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (citations omitted). The removal statute, 28 U.S.C. § 1441, provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2005). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.,* 288 F.3d 208, 211 (5th Cir. 2002).

"[U]nder the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) (citing *Smallwood v. Illinois Cent. R. Co.*, 38 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 38 F.3d at 573. The Fifth Circuit "recognize[s] two ways to establish improper joinder: '(1) actual fraud in the pleading of

3

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Importantly, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282. 286 n.4 (5th Cir. 2000)).

Ordinarily, a court may determine whether a plaintiff can recover under state law against the allegedly improperly joined defendant by looking at the allegations in the complaint, and analyzing them as a court would analyze a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* Alternatively, if a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a court may conduct a summary judgment analysis. *Id.* A defendant's burden of persuasion to show fraudulent joinder is "'a heavy one,'" *Zermeno v. McDonnell Douglas Corp.*, 246 F.Supp.2d 646, 653 (S.D. Tex. 2003) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)), and "'all disputed questions of fact and all ambiguities in the controlling state law'" must be "'resolved in favor of the nonremoving party.'" *Id.* (quoting *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). Nonetheless, "the possibility of recovery must be reasonable, not merely hypothetical or speculative." *Id.*

### B. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule

12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### III. ANALYSIS

#### A. Motion to Remand and Motion to Disregard

Defendants argue that there is no possibility that Plaintiff could recover on his claims against McClure because the claims are barred by the Texas qualified immunity doctrine. This doctrine provides that an attorney is not liable to a third party for actions taken in connection with representing his client. *See Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The doctrine focuses on the type of conduct in which the attorney is engaged, not on whether the conduct was proper in the context of the underlying lawsuit. *See id.* A plaintiff may overcome the qualified immunity of an attorney defendant by showing that the defendant's conduct was "outside the scope of his legal representation of his client," or that the defendant engaged in "independently fraudulent activities . . . foreign to the duties of an attorney." *Id.*

Plaintiff's First Amended Petition does not contain allegations that show that McClure was acting outside of her duties in representing her client through the execution of the writs. Indeed, Plaintiff alleges that McClure was acting "pursuant to a writ of execution." (First Am. Pet. ¶¶ 18, 25, 27.) Like the court in *FinServ Cas. Corp. v. Settlement Funding, L.L.C.*, 724 F.

6

Supp. 2d 662 (S.D. Tex. 2010), this Court finds that assisting in the execution of a writ at a known address of the judgment debtor "is within the normal scope of an attorney's duties." *Id.* at 673. There are no allegations that McClure acted outside the scope of her representation to satisfy the first exception to the qualified immunity doctrine, such as personally stealing the goods in question. *See id.* at 674 (citing *Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008)). As in *FinServ*, McClure "may have been negligent in [her] preparation for the execution, and the execution itself may have been wrongful, but there is no allegation that [McClure]'s actions were not conducted as part of the discharge of [her] duties to [her client]." *Id.* at 673.

Plaintiff also asserts a claim for fraud against McClure, stating that she knowingly made false representations to the U.S. Marshals with the intent that they act on those misrepresentations to seize Plaintiff's property. Under Texas law, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Plaintiff does not allege that McClure made any misrepresentations to him on which he relied in connection with the execution of the Writs; rather, the alleged misrepresentations were made to law enforcement, and there is no indication that Plaintiff himself relied on those representations to his detriment. *See FinServ*, 724 F. Supp. 2d at 675–76 ("Indeed, given the hostile nature of the interactions described in [Plaintiff]'s Complaint, it is quite clear that

[Plaintiff] did not rely on any representations made by [Defendant].").  Accordingly, Plaintiff has not stated a claim for fraud, and fails to satisfy the second exception to qualified immunity.

As the Court finds that McClure was acting within the scope of her duties in representing her client, and that Plaintiff has failed to establish a factual basis for any exception to the qualified immunity doctrine, the Court finds that McClure was improperly joined and must be disregarded for the purposes of determining whether diversity jurisdiction exists.  Plaintiff has amended his complaint previously in state court, and does not provide any indication that he could add additional allegations to his complaint that would allow him the possibility of recovery against McClure  *See Great Plains Trust,* 313 F.3d at 311–12; *see also FinServ*, 724 F. Supp. 2d at 676.  Thus, the Court will not allow leave to amend and must disregard McClure's citizenship.

It is undisputed that complete diversity exists between Plaintiff and the remaining Defendants, and that the jurisdictional amount of $75,000 is satisfied in this case.  Furthermore, although Plaintiff objects to Defendants' statement that "all defendants have consented to this removal" in the Notice of Removal (Doc. No. 1 ¶ 14), he provides no reason why this statement is defective under 28 U.S.C. § 1446.  Counsel's statement and signature on the Notice of Removal evidences that the Notice was filed on behalf of all Defendants. (*Id.* at 1, 5.)  The Court finds that it has subject matter jurisdiction, and must deny the Motion to Remand.[1]

### B.  Motion to Dismiss

Defendants' Motion to Dismiss must be granted for the same reasons.  The Court has already found that the claims against McClure are barred under qualified immunity.  The allegations against the other Attorney Defendants establish only that these attorneys retained McClure to act as local counsel to represent YAP in Texas, and Plaintiff seeks to impose liability

---

[1] Because the Court finds that it has diversity jurisdiction, it need not consider Defendants' contention that this Court also has federal question jurisdiction based the Maryland federal court judgment and the Writs issued by this Court.

on these Defendants through McClure's conduct. As stated above, the Court will not allow leave to amend. Accordingly, these claims also must be dismissed.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Disregard is **GRANTED**, Plaintiff's Motion to Remand is **DENIED**, and Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of May, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE