UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN ORTEGA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0001 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., et | § | |
| al., | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are (1) Defendants' Motion for Summary Judgment (Doc. No. 16); (2) Plaintiff's Motion for Rehearing of Order Dated May 14, 2012 Denying Plaintiff's Motion to Remand ("Motion for Reconsideration") (Doc. No. 32); and (3) Plaintiff's Request for Oral Hearing (Doc. No. 36).  After considering the motions, all responses thereto, and the applicable law, the Court finds that the Motion for Summary Judgment should be granted, the Motion for Reconsideration should be denied, and the Request for Oral Hearing should be granted in part.

## I.  BACKGROUND

In 2003, Defendant Young Again Products ("YAP") filed suit against Marcella Ortega (Plaintiff's mother), John Acord (Plaintiff's brother), and their former company Supplement Spot LLC in the District of Maryland for trademark and copyright infringement, among other claims. (First Am. Pet., Doc. No. 1 at 56–76, ¶ 22.)  YAP obtained a default judgment against Marcella Ortega and John Acord in 2009 for approximately $3.9 million.  (*Id.*)  The default judgment was appealed, and it was affirmed by the Fourth Circuit.  *Young Again Products v. Acord*, 459 Fed.

1

Appx. 294 (4th Cir. 2011).  Plaintiff was not a defendant in the Maryland lawsuit.  (First Am. Pet. ¶ 23.)

YAP registered the judgment in Texas and obtained two Writs of Execution ("Writs"), one against property owned by Marcella Ortega and the other against property owned by John Acord.  (*Id.* ¶ 25.)  YAP's Texas attorney, Defendant Margaret McClure, participated in the execution of the Writs by United States Deputy Marshals and members of local law enforcement.  (*Id.*)  The Writs were executed at 1919 and 1935 Cattle Drive, Magnolia, Texas.  (*Id.*)

Plaintiff and his mother, Marcella Ortega, own the property at 1935 Cattle Drive, but Plaintiff alleges that his mother has not resided at the property since 2004 and that she did not own any of the personal property in the residence at the time of the execution.  (*Id.* ¶ 26.) Plaintiff asserts that John Acord also did not have any property at 1935 Cattle Drive.  (*Id.*) Plaintiff alleges that his personal property at 1935 Cattle Drive was seized by Defendants, who have refused to return it to him.  (*Id.* ¶¶ 26, 31.)

Plaintiff filed this lawsuit in Texas state court, asserting causes of action for intrusion on seclusion, trespass to real property, trespass to personal property, theft of property, conversion, abuse of process, wrongful execution, fraud and misrepresentation, tortious interference with contract, and replevin.  (*Id.* ¶¶ 33–98.)  Defendants removed this lawsuit to federal court. (Notice of Removal, Doc. No. 1.)  In a previous Order (Doc. No. 20), the Court denied Plaintiff's Motion to Remand, finding that the claims against Ms. McClure were barred by the Texas qualified immunity doctrine and thus that her Texas citizenship must be disregarded.  Plaintiff moves for reconsideration of that Order.  Additionally, Defendants move for summary judgment on all claims and for sanctions against Plaintiff.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's decision to grant summary judgment for Defendant and Plaintiff's motion, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### B.  Motion for Summary Judgment

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  Fed. R. Civ. P. 56(c).   Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).   A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*; *see also Harvill v. Westward Communications*, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005) (court may not make credibility determinations or weigh the evidence at the summary judgment stage).   Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III. ANALYSIS

### A.  Motion for Reconsideration

Plaintiff moves for reconsideration based on what he believes was a manifest error of law.  He believes that the Court erred in undertaking a 12(b)(6) analysis and by relying heavily

on *Finserv Gas Corp. v. Settlement Funding, L.L.C.*, 724 F. Supp. 2d 662 (S.D. Tex. 2010).  The Court does not find error with the standard it applied.  "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  To "predict[] whether a plaintiff has a reasonable basis of recovery under state law. . . . [t]he court may conduct a Rule 12(b)(6)-type analysis[.]" *Id.*  Importantly, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

The Court found Judge Lake's thorough opinion in *Finserv* to be directly on point.  The Court agreed with Judge Lake's summary and application of Texas law to similar facts, and thus came to the conclusion in this case that there was "no reasonable basis . . . to predict that the plaintiff might be able to recover" against Ms. McClure.  *Smallwood*, 385 F.3d at 573.

Plaintiff also asserts that the Court did not, and cannot, distinguish two Southern District of Texas cases: *Trans Texas Gas Corp. v. Stanley*, 881 F. Supp. 268, 271–72 (S.D. Tex. 1994), and a case cited only as "Bagga v. Florida Receivables Trust, 2002-A (S.D. Tex. 2005) (U.S. District Judge Andrew Hannen [sic])."  (Mot. for Reconsideration ¶ 4.)  The Court did not err in failing to distinguish these cases, as neither of these cases appear to be cited in any of Plaintiff's briefings on the Motion for Remand, Motion to Disregard, or Motion to Dismiss.  Also, Plaintiff has not provided a copy of the *Bagga* case to the Court as required for unreported cases.  (Court Procedures of Judge Keith P. Ellison, art. 6.B.)

Even considering the substance of these cases, the Court does not find it appropriate to reverse its original ruling.  The portion of *Bagga* quoted by Plaintiff in the Motion for Reconsideration recounts the factual allegations in *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461 (N.D. Tex. 1998).  The court in *Miller* relied heavily on the fact that the attorney accosted the plaintiff and prevented her from leaving the premises, allegations which are not present in this action.  Moreover, the cited portion of *Trans Texas Gas* relies heavily on *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472–73 (Tex. App.—Houston [1st Dist.] 1985, no writ).  Both cases involved claims that an attorney conspired with a client to defraud and coerce money from third parties, allegations not present in this case.  These cases do not change the Court's opinion; Plaintiff's allegations are insufficient to find that Ms. McClure was acting "outside the scope of [her] legal representation of [her] client," or engaging in "independently fraudulent activities . . . foreign to the duties of an attorney."  *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Plaintiff argues that the Court's fraud analysis was flawed, characterizing his claim of fraud as one of "fraud on the court."  (Mot. for Reconsideration ¶ 10.)  He states that he need not satisfy the common law fraud requirements such as reliance on the misrepresentation, but does not identify what the proper standard should be.  (*Id.*)  However, neither Plaintiff's original briefing on the remand issue nor, more importantly, his complaint characterized the fraud claim as one of fraud on the court.  (*See* First Am. Pet. ¶¶ 83–89.)  *See also Choice Pers. No. Four, Inc. v. Richardson*, 14-05-00675-CV, 2006 WL 2074681, at *6 (Tex. App.—Houston [14th Dist.] July 27, 2006, pet. denied).

Even if his complaint could be construed or amended to encompass a claim of fraud on the court, he has presented no evidence that such a claim exists against an individual; rather, the

cases discussing fraud on the court make clear that it is an action, recognized under Rule 60(b) in federal courts, to set aside a judgment on the court obtained by fraud. *See Dunn v. Murrin*, 05-04-00438-CV, 2005 WL 2038057, *3 (Tex. App.—Dallas Aug. 25, 2005, no pet.) (affirming dismissal of "fraud on the court" claim because plaintiff presented no cases showing that it is a viable claim in a civil action under Texas law); *Horlock v. Horlock*, 614 S.W.2d 478, 486 (Tex. App.—Houston [14th Dist.] 1981) ("Appellee has cited no authority supporting her contention that proof of [defendant's misrepresentations to the court] would give her a cause of action against Mr. Horlock for damages."); *see also Choice Pers. No. Four*, 2006 WL 2074681, at *6 n.14 ("We do not reach the question of whether a separate civil cause of action exists for 'fraud on a court of law.'").[1]

The Court understands that Defendants faced "a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. As explained above and in the original Order, Defendants have met that burden by showing that there was "no reasonable basis . . . to predict that the plaintiff might be able to recover" against Ms. McClure due to the qualified immunity doctrine and flaws in Plaintiff's fraud claim. *Smallwood*, 385 F.3d at 573.[2]

---

[1] The one case cited by Plaintiff, *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268 (10th Cir. 1995), affirmed dismissal of the plaintiffs' civil claims seeking damages for fraud on the court. Plaintiffs had argued that such an action was recognized under Oklahoma law. *Id.* at 1272. The court did not decide whether or not this was a correct statement of Oklahoma law, but noted that "the common law fraud claims are barred because they are inconsistent with facts underlying the prior judgment." *Id.* at 1274. The court found that the plaintiffs' arguments were premised on being relieved from the preclusive effect of the prior judgment, and thus analyzed the plaintiffs' claims only as an action for relief from judgment as recognized in Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* This Court is unaware of any courts that have allowed such a claim for damages against an individual; rather, other courts considering the issue also have found that no such action exists. *See Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 489 (D.S.C. 1998) ("[T]his court is aware of no authority allowing an independent actions for *damages*.").

[2] In Reply, Plaintiff argues for the first time that Maryland law should apply to this dispute, and thus that the qualified immunity doctrine is inapplicable. (Doc. No. 45 at 6–7.) However, aside from citing the basic choice of law standard, Plaintiff makes no attempt to apply the test and assert that Maryland has the most significant contacts with this dispute. This is insufficient to meet his burden under Rule 59.

### B.  Motion for Summary Judgment

Defendants move for summary judgment, asserting that nine counts are barred on statute of limitations grounds.  They also argue that they are entitled to summary judgment on the remaining fraud claim because Plaintiff cannot establish that he relied on the statements at issue.

### 1.  Statute of Limitations

Nine of Plaintiff's claims—intrusion on seclusion, trespass to real property, trespass to personal property, theft of property, conversion, abuse of process, wrongful execution, tortious interference with contract, and replevin—have a two year statute of limitations under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."); *Johnson v. Davenport*, No. 3-98CV2227-R, 2000 WL 341255, at *3 (N.D. Tex. Mar. 31, 2000) (abuse of process); *Matlock v. McCormick*, 948 S.W.2d 308, 311 (Tex. App.—San Antonio 1997, no pet.) (invasion of privacy); *Mellon Serv. Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 435 n.1 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (tortious interference with contract).

### a.  Accrual of Claims

In order to decide whether the claims are barred by the statute of limitations, the Court must first determine when these claims accrued.  Plaintiff's petition asserts that the claims arose out of the seizure of property in connection with the writs of execution, which occurred on August 29, 2009.  (First Am. Pet. ¶ 27.)  He asserts that he confronted Ms. McClure and the U.S. Marshals at his residence and explained to them that there was no property belonging to Marcella Ortega or John Acord, but that he was forced to leave the premises.  (*Id.*)  Thus, Defendants

argue that Plaintiff discovered the nature of his alleged injury giving rise to these claims on August 29, 2009.

Plaintiff objects to this characterization with respect to his claim for conversion.  Plaintiff argues that "[s]ince Defendants do not concede that they engaged in wrongdoing when they took Plaintiff Ortega's property, they are in no position to argue that the statute of limitations on Plaintiff Ortega's claim for conversion started to run on the date of Defendants' taking."  (Resp. to Mot. for Summ. J., Doc. No. 30, at 12–13.)

"Generally, the limitations period for a conversion claim begins to run at the time of the unlawful taking." *Pipes v. Hemingway*, 358 S.W.3d 438, 450 (Tex. App.—Dallas 2012, no pet.) (citing *Autry v. Dearman,* 933 S.W.2d 182, 193 (Tex. App.—Houston [14th Dist.] 1996, writ denied)).  Texas courts have recognized an exception, however—where possession is initially lawful, the cause of action accrues upon demand and refusal or discovery of unequivocal acts of conversion.  *Wells Fargo Bank Northwest, N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 700 (Tex. App.—Dallas 2012, no pet. h.); *Hofland v. Elgin–Butler Brick Co.,* 834 S.W.2d 409, 414 (Tex. App.—Corpus Christi 1992, no writ).

The complaint does not allege that demand was initially lawful; rather, it asserts that Plaintiff complained about Defendants' possession of the property on the day that it was seized. (First Am. Pet. ¶ 27.)  Plaintiff argues that the Court should consider Defendants' assertion that their possession was lawful, and corresponding denial that they are liable for conversion, as a reason to toll the statute of limitations.  Plaintiff provides no support for this argument.  This interpretation of the exception would bar application of the statute of limitations in any case where Defendants assert that their possession was lawful in order to deny their ultimate liability for the conversion at issue.

Rather, this exception is premised on the discovery rule, which "operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).   Therefore, it is Plaintiff's knowledge which controls the application of the discovery rule, and the Court finds that the claim accrued on August 29, 2009.

### b.  Diligence in Service

Generally, a plaintiff must file his petition and serve the defendant before the statute of limitations has run.   *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011). "However, if the plaintiff files suit within the limitations period but does not serve the defendant until after limitations has expired, his suit may not be time barred if the plaintiff exercised diligence in effecting service, which would then relate the date of service back to the date of filing." *Id.*

To determine whether a plaintiff demonstrated diligence, a court must consider: "(1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App.— San Antonio 2002, no pet.) (quoting *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied)).   Determining whether a plaintiff exercised due diligence is generally a question of fact, but "[a] lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service or 'if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence.'" *Id.*   "An invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law." *Rodriguez*, 13 S.W.3d at 51.   Even short periods of delay in which plaintiff demonstrated a lack of diligence

will suffice to bar plaintiff's claims.  *See Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—
Dallas 2009, no pet.) (finding defendant was entitled to judgment as a matter of the law where
plaintiff did not explain the lapse of 31 days); *Rodriguez*, 13 S.W.3d at 51 (finding plaintiff's
excuses invalid and affirming summary judgment based on a delay of 25 days); *Perkins v. Groff*,
936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (affirming summary judgment
because plaintiff did not explain a delay of 22 days).

"[O]nce a defendant has affirmatively pled the defense of limitations and shown that
service was obtained after limitations expired, the burden shifts to the plaintiff 'to explain the
delay.'"  *Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex. 2007) (quoting *Murray v. San Jacinto
Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)).  If the plaintiff's explanation raises an issue of
material fact concerning diligence, the burden shifts back to the defendant to conclusively show
why, as a matter of law, the explanation is insufficient.  *Id.* (citing *Zale Corp. v. Rosenbaum*, 235
S.W.3d 889, 891 (Tex. 1975)).

Plaintiff's counsel, Ms. Rocky LeAnn Pilgrim, submitted an affidavit to detail her efforts
in effecting service and explain the delay.  (*See* Pilgrim Aff., Doc. No. 26.)  Plaintiff filed his
original petition in state court on August 29, 2011.  (*Id.* ¶ 3.)  The intake clerk indicated that the
service documents would be mailed to Ms. Pilgrim in Tomball.  (*Id.* ¶ 4.)  Ms. Pilgram's office
assistant called to check on the status of citation on August 31, 2011, and was informed that
issuance of service was pending and had not yet been mailed.  (*Id.* ¶ 5.)

For the next few weeks, Ms. Pilgram continued to check on citation but was informed
that it was not ready.  (*Id.*)  The clerk's office told her they would investigate the cause of the
delay.  (*Id.*)  In early October, when Ms. Pilgrim again sought information from the clerk's
office, she learned that the intake clerk had made a mistake and had not charged the service fee,

11

despite the fact that service had been requested.  (*Id.* ¶ 6.)  She "took steps to ensure that payment of the citation fee would be made," and located a process server company to serve the out of state defendants.  (*Id.*)

Additionally, during September and part of October, Ms. Pilgrim states that a "series of serious personal and family matters resulted in extended absences from my office."  (*Id.* ¶ 8.) First, her office assistant, who is Ms. Pilgrim's only employee, had to be evacuated from her home during the first two weeks of September due to the wildfires in Montgomery County.  (*Id.*) Her assistant also was evacuated periodically in the following weeks.  (*Id.*)  Ms. Pilgrim was out of the office to help her assistant and others affected by the fires.  (*Id.*)  Ms. Pilgrim also had unrelated personal issues leading to an "unstable" living condition and "long-term housing problems," lasting from the summer of 2011 until the end of 2011.  (*Id.*)  She became severely ill with strep throat in early October, and missed at least two days.  (*Id.*)

Ms. Pilgrim discovered "an error in the Original Petition that required the Petition be amended and immediately began preparing the First Amended Petition after the clarification of the citation issuance was made" in early October.  (*Id.* ¶ 7.)  Specifically, Ms. Pilgrim realized that she needed to clarify facts and allegations within the Petition, add additional causes of action, and attach the correct documents as exhibits.  (*Id.*)  Due to her trial schedule and the holiday break in November, the First Amended Petition could not be verified by Plaintiff until November 29, 2011, and it was filed on December 1, 2011. (*Id.* ¶ 9.)  Citation was re-issued on the amended petition on December 2, 2011, and she immediately sent it by mail to the process server for the Maryland and North Carolina defendants, who were served on December 6.

Defendants, in order to meet their burden in showing a lack of diligence as a matter of law, focus on Ms. Pilgrim's stated actions between mid-to-late October to December, 2011.

While Ms. Pilgrim states that she "took steps to ensure that payment . . . would be made" sometime after discovering the error in early October, she does not assert that she made any attempt to serve at that time.  Rather, her explanation for the delay over this period of time is three-fold: (1) she was busy due to her trial schedule and the holidays in November; (2) she had personal issues involving housing; and (3) she discovered she needed to file an amended petition and thus delayed service until that petition was filed.  Defendants argue that each of these excuses is insufficient as a matter of law.

With respect to the first, the Fifth Circuit has held that an attorney's "assertion that he was busy with other cases and family business is tantamount to an admission of nondiligence.  A lawyer's inattention does not toll the statute of limitations."  *Everett v. Am. Cent. Gas Companies, Inc.*, 995 F.2d 223, 1993 WL 210287, at *3 (5th Cir. 1993).  The Fifth Circuit thus found the claim to be "barred as a matter of law."  *Id.*  Other courts have agreed.  *See, e.g.*, *Woldu v. Budget Rent a Car Sys.*, 05-92-01107-CV, 1992 WL 379432, at *4 (Tex. App.—Dallas Dec. 18, 1992, writ denied) (finding lack of diligence despite attorney's explanation that "several of his assistants were on leave during the limitations period and that he had a very busy trial schedule"); *Lopez v. Unknown Galveston Police Officer No. 1*, CIV A G-06-0371, 2006 WL 3702895, at *12 (S.D. Tex. Dec. 13, 2006) *aff'd sub nom. Lopez v. Mack*, 293 Fed. Appx. 355 (5th Cir. 2008) ("Moreover, apart from being 'generally swamped with court appearances and deadlines,' plaintiff offers no reason for the five-and-a-half-month delay between December 5, 2005, and May 22, 2006, during which she took no action to insure that service was properly effected on the defendants. . . . Therefore, the court concludes that the unexplained failure of plaintiff's counsel to take any action . . . to effect service on the defendants constitutes a lack of diligence as a matter of law.")

With respect to the second proffered explanation for the delay, Ms. Pilgrim fails to provide any evidence that her housing issues precluded her from working; in fact, the evidence shows that she was busy with her work on other cases.  Without additional details about how her housing problems prevented her from working, the Court does not find that this explanation evidences diligence.  *See Carter v. MacFadyen*, 93 S.W.3d 307, 314 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[T]hree months passed between April 3, 2000 and July 5, 2000, again without explanation.  Although Carter filed an affidavit stating that he 'was hospitalized at least two times while attempting to perfect service on Dr. MacFadyen and my health was generally poor,' the affidavit provides no specifics. As there were two hospitalizations, they obviously could not have covered the entire period. Nor is there any explanation why either the hospitalizations or Carter's pain rendered him unable to act."); *Lopez*, 2006 WL 3702895, at *12 ("Although plaintiff's counsel also asserts that she has struggled with poor health since 2003, she has failed to present any evidence or argument that her poor health prevented her from taking action to insure that defendants were served.").

As to the third explanation, the need to file an amended petition with additional claims and allegations does not relieve Plaintiff of the duty to timely serve Defendants with the original petition.  Plaintiff appears to be asserting that because Ms. Pilgrim was working on this case in some capacity, she demonstrated diligence.  However, the relevant inquiry is whether Plaintiff was "diligent *in effecting service*."  *Slagle*, 345 S.W.3d at 697.  Amendment of pleadings is freely allowed under Texas law, and thus Plaintiff could have paid the citation fee, served Defendants, and filed any necessary amended petition at a later date.   This explanation does not raise a fact issue regarding whether Plaintiff was diligent or acted as an ordinarily prudent person would have acted.

14

Although Plaintiff did not submit a formal sur-reply, he did address the summary judgment briefing in his Reply to Defendants' Objection to Plaintiff's Request for Oral Hearing (Doc. No. 44).  He replies only that "the errors in the Montgomery County District Clerk's Office described by Plaintiff Ortega's counsel in her affidavit provide more than sufficient reasonable explanation for any delay." (*Id.* at 15.)  As noted above, however, both Defendants and this Court focus on the period from mid-to-late October to December 2011, *after* the delays caused by the errors in the clerk's office.  As Plaintiff has offered no competent explanation for the delay during this period, the Court must grant summary judgment.

### 2.  Fraud

As stated in Part III.A, *supra*, Plaintiff's recent characterization of his fraud claim as one of "fraud on the court" fails.  Plaintiff has presented no support for his assertion that "fraud on the court" is a cognizable claim for damages under Texas law.

Thus, Plaintiff must satisfy the requirements for common law fraud.  Under Texas law, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.  *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Plaintiff does not allege that Defendants made any misrepresentations to him on which he relied in connection with the execution of the Writs; rather, the alleged misrepresentations were

made to law enforcement, and there is no indication that Plaintiff himself relied on those representations to his detriment. *See FinServ*, 724 F. Supp. 2d at 675–76 ("Indeed, given the hostile nature of the interactions described in [Plaintiff]'s Complaint, it is quite clear that [Plaintiff] did not rely on any representations made by [Defendant]."). Accordingly, Plaintiff has not stated a claim for fraud, and fails to satisfy the second exception to qualified immunity. The Court denies Plaintiff's request for leave to amend, as he has provided no reason for this Court to believe that he could cure the deficiencies identified here.

### C.  Request for Oral Hearing

Plaintiff admits that this Court is not required to hold a hearing, but suggests that it would be helpful to the court because "the nature of the arguments involved are convoluted and include references to a multitude of parties and external lawsuits." (Request for Oral Hearing ¶ 4.) He also asserts that oral argument is necessary based on Defendants' citation to Plaintiff's testimony in other cases and "efforts to inject new legal arguments into these proceedings." (Reply to Defendants' Objection to Plaintiff's Request for Oral Hearing at 4.)[3]

This Court sets hearings on motions when it "determine[s] that oral argument would be beneficial." (Court Procedures of Judge Keith P. Ellison, art. 5.E.) The Court does not feel it is necessary to hold oral arguments based on either the Motion for Reconsideration or the Motion for Summary Judgment, as these issues can be resolved as a matter of law without asking questions of the parties.

---

[3] To the extent Defendants' Reply to their Motion for Summary Judgment raises issues not contained in their initial briefing, Defendants were responding to affidavits presented in Plaintiff's Response.  Plaintiff did not ask to submit a sur-reply.  Plaintiff addressed other portions of the summary judgment arguments in his Reply to Defendants' Objection to Plaintiff's Request for Oral Hearing (filed over a month after Defendants' Reply in Support of Motion for Summary Judgment).  However, he did not contest the arguments or authorities relied upon by this Court or make any arguments regarding the period between mid-to-late October and December.

However, the Court finds it would be helpful to hold a hearing on Defendants' Motion for Sanctions (Doc. No. 17) to clarify the parties' positions and discuss the evidence filed on this issue. This hearing will be held on Thursday, August 9, 2012, at 4:00 p.m. The Court will hear only arguments of counsel at this hearing, and will schedule an evidentiary hearing, if necessary, at a later date.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Reconsideration is **DENIED**. The Request for Oral Hearing is **GRANTED IN PART**, and a hearing is hereby set for August 9, 2012 at 4:00 p.m.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of July, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE